UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| ANDY PETEFISH,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN MOUNTAIN GUIDES ASSOCIATION, UNITED STATES OF AMERICA *formerly known as* Amnesty Rachel Kochanowski, and ANGELA HAWSE,<br><br>Defendant. | Case No. 2:23-cv-00129-ABJ |

**ORDER DENYING MOTION FOR ORDER FOR LEAVE TO FILE MOTION TO CHALLENGE CERTIFICATION OF SCOPE OF EMPLOYMENT DECLARATION ECF NO. 32**

This matter is before the Court on Plaintiff's Motion requesting permission to file a motion challenging the certification of scope-of-employment [SOE] and for reconsideration[1] of the Order issued on March 13, 2024, at ECF No. 24. ECF No. 32. The Order granted the United States' request to substitute the United States as the proper Defendant in this action—in place of Amnesty Rachel Kochanowski—based upon the

---

[1] The Court construes the Plaintiff's request as a Motion for Reconsideration regarding Judge Rankin's Order issued on March 13, 2024. The Court must construe a *pro se* plaintiff's allegations liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). A "less stringent standard" applies to review of a *pro se* complaint and its claims than to a pleading drafted by an attorney. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006); *Sheridan v. United States,* 214 Fed. Appx. 857, 858 (10th Cir. 2007). If a motion can reasonably be read to state a valid claim or request, the court should properly interpret the writing despite a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements." *Id.* at 859 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

SOE certificate attached to its motion. *See* ECF Nos. 18-1, 24. Plaintiff filed a timely response in opposition to the motion to substitute party and the court considered Plaintiff's response in the March 13, 2024 Order. ECF Nos. 20, 24.

In the instant Motion, Plaintiff argues that the court should reconsider its March 13, 2024 Order and conduct an evidentiary hearing on the facts alleged in the SOE certificate—that Kochanowski was acting within the scope of her employment—citing to the Westfall Act, 28 U.S.C. § 2679(d)(1), and case law, *Hockenberry v. United States*, 42 F.4th 1164 (10th Cir. 2022), as supporting Plaintiff's request. Further, Plaintiff claims it is a "matter of law" and that he has "supporting exhibits" to challenge Kochanowski's SOE certification. ECF No. 32 at 2.

The Court denies Plaintiff's request to reconsider the Court's previous order based on the findings below.

First, Plaintiff had an opportunity to respond to the motion to substitute party and did respond. ECF Nos. 18, 20. The motion was based upon the SOE certificate filed as an attachment to the government's motion. ECF No. 18-1. Plaintiff did not challenge the SOE in his response and has not offered any explanation as to why he failed to challenge the SOE at that time. Nothing cited in Plaintiff's instant Motion alleges new information. The case law cited was from 2022 and was available to Plaintiff at the time of his response.

Second, Plaintiff has failed to set forth any basis for challenging the SOE, nor has he alleged that Kochanowski was acting outside the scope of her employment. The lawsuit is based upon a claim that Kochanowski, as Superintendent of Devil's Tower Monument failed to issue him a Commercial Use Authorization permit, which, Plaintiff argues, was

a violation of the law. This seems to be clearly within the job duties of the Superintendent for a National Monument.

As explained in *Hockenberry*, "the SOE certification 'is prima facie evidence that an employee's challenged conduct was within the scope of his employment. The plaintiff then bears the burden of rebutting the scope-of-employment certification with specific facts.'" *Hockenberry*, 42 F.4th at 1170, 1174 (quoting *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995)). The Tenth Circuit Court of Appeals provided further guidance stating, "[u]nder the Westfall Act, a court must identify and resolve any disputed issues of fact regarding the employee's scope of employment[; but only i]f there are disputed issues of fact." *Hockenberry*, 42 F.4th at 1170. Only in instances where there is an actual material issue of fact and allegations that the SOE certification is incorrect should the court hold a hearing, "and make the findings." *Id.* (citing to *Fowler v. United States*, 647 F.3d 1232, 1241 (10th Cir. 2011)).

The Court is not persuaded that the Order issued on March 13, 2024, needs to be reconsidered. The Order provided guidance to the Plaintiff regarding amendment to his complaint if Plaintiff wishes to utilize a federal statute as part of his tortious claim. Further, the court set out the requirements the court must follow under 28 U.S.C. § 2679, which is absolute. "Under 28 U.S.C. § 2679, commonly referred to as the Westfall Act, federal employees are absolutely immune from state-law tort claims that arise 'out of acts they undertake in the course of their official duties.'" *Hockenberry*, 42 F.4th at 1170 (quoting *Fowler*, 647 F.3d at 1235).

The Plaintiff failed to raise the issue at the appropriate time and offers no explanation why this could not have been raised in response to the United States' motion at ECF No. 18.

Should Plaintiff seek to change his allegations, he may seek leave to file an amended complaint in the future.

IT IS ORDERED, the MOTION for Order for Leave to File Motion to Challenge Certification of Scope of Employment Declaration [ECF No. 32] is hereby DENIED.

DATED this 12th day of April, 2024.

*Stephanie Hambrick*
Stephanie A. Hambrick
UNITED STATES MAGISTRATE JUDGE