

**FILED**

**9:29 am, 7/8/24**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

ANDY PETEFISH,

     Plaintiff,

    v.

AMERICAN MOUNTAIN GUIDES
ASSOCIATION, ANGELA HAWSE, and
UNITED STATES OF AMERICA,[1]

    Defendants.

Case No.  23-CV-129-ABJ

---

## ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS

---

THIS MATTER comes before the Court following the *United States of America's Motion to Dismiss*, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and the *United States of America's Brief in Support of Motion to Dismiss*. ECF No. 26; ECF No. 27. Plaintiff, Andy Petefish, filed a response in opposition to the *United States of America's Motion to Dismiss* requesting that the Court grant additional reconsideration and relief from its *Order Granting United States of America's Motion to Substitute Party* [ECF No. 24]. *See* ECF No. 38. The United States subsequently filed its reply to Plaintiff's response. ECF No. 39.

---

[1] This Court substituted the United States of America for Amnesty Rachel Kochanowski on March 12, 2024. ECF No. 24.

1

Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court finds and concludes the *United States of America's Motion to Dismiss* (ECF No. 26) should be **GRANTED**.

## BACKGROUND

Plaintiff, Andy Petefish ("Plaintiff" or "Mr. Petefish"), worked as a commercial rock climbing guide at Devils Tower National Monument ("Devils Tower") from 1985 through 2019. ECF No. 1 at 2, ¶ 12. Devils Tower is a national monument located in Crook County, Wyoming and is maintained by the National Park Service ("NPS"), a federal bureau of the United States Department of the Interior ("DOI"). *See* ECF No. 18 at 1, ¶ 2. Federal law controls NPS permitting considerations allowing entities and individuals to conduct commercial activities within the Devils Tower area. To offer professional guide services at Devils Tower, a guide must apply for a Commercial Use Authorization ("CUA") permit and obtain appropriate certification or demonstrate equivalent qualifications. *See* 36 C.F.R. § 1.6 (stating the superintendent may issue a permit to authorize activities); *id.* § 5.3 (engaging in any business in park areas is prohibited without a permit); *see also* Pub. L. No. 105–391, § 418 (1998) (codified as amended 16 U.S.C. § 5966) (a CUA allows a private person to provide services to park visitors). Mr. Petefish claims he obtained an American Mountain Guides Association ("AMGA") Level II Rock Guide Certification in 1991, thus satisfying the required certification for the issuance of a CUA. ECF No. 1 at 2, ¶ 12.

In May of 2018, Plaintiff claims the AMGA notified the NPS that Plaintiff was not in good standing with the AMGA and that his 1991 certification was not valid. ECF No. 1

at 4, ¶¶ 30–32. Based on that information, Plaintiff was denied a CUA permit. *See id.* ¶ 33. Plaintiff did not appeal that decision and instead submitted another application for a CUA permit in 2019. *See id.* ¶¶ 34–35. The Superintendent of Devils Tower, Amnesty Kochanowski, denied Plaintiff's application for a CUA permit in July of 2019 due to his failure to maintain the required permitting certifications. *Id.*; *see also* ECF 18-1 at 1, ¶¶ 4–5. Plaintiff did not appeal that decision. Plaintiff claims the AMGA Level II Rock Guide Certification that he earned in 1991 does not expire and according to Plaintiff, sometime after 1997, the requirements for maintaining a certification with the AMGA changed. ECF No. 1 at 3, ¶¶ 19–24.

On July 20, 2023, Plaintiff filed this suit against AMGA, Angela Hawse, and Ms. Kochanowski, alleging violations under Wyoming's Right to Work Act and requesting monetary damages. *See* ECF No. 1. Plaintiff initially named Ms. Kochanowski, in her individual capacity, alleging that Ms. Kochanowski was negligent in her denial of his CUA permit application and violated Wyo. Stat. Ann. §§ 27-7-109 through 27-7-113. *See id.* Ms. Kochanowski returned an executed waiver of service on January 22, 2024. ECF No. 14. On January 31, 2024, Plaintiff requested the Clerk of the District Court enter default against Ms. Kochanowski under Rule 55(a). ECF No. 15. The Clerk of the District Court entered default the next day. ECF No. 16.

On February 6, 2024, the United States filed a motion to substitute the United States as a party defendant for Ms. Kochanowski under the Westfall Act, 28 U.S.C. § 2679(d)(1). ECF No. 18. The United States also filed a motion to set aside the default that was entered against Ms. Kochanowski. ECF No. 19. On March 12, 2024, this Court substituted the

3

United States as a party for Ms. Kochanowski and instructed that the case shall proceed against the United States under the FTCA. ECF No. 24 at 2. The Court set aside the default that was entered against Ms. Kochanowski the next day. ECF No. 25. The United States of America then filed a motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 26. That motion is now before this Court for decision.[2]

## LEGAL STANDARD

### I.   Rule 12(b)(1) Motion to Dismiss

A challenge to a court's jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), should be brought as a motion to dismiss under Rule 12(b)(1). *Zumwalt v. United States*, 928 F.2d 951, 952 (10th Cir. 1991). Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The first form is a facial attack on the complaint which questions the sufficiency of the complaint. *Id.* If a facial attack is made, this Court "must accept the allegations in the complaint as true." *Id.* The second form is a factual attack on the complaint. *Id.* at 1003. If a factual attack is made, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* In reviewing a factual attack, this Court has wide discretion to consider materials outside the complaint "to resolve disputed jurisdictional facts." *Id.* In such instances, the Court may "allow affidavits, other documents, and a

---

[2] As of the date the United Sates filed its motion to dismiss, Plaintiff had not served the United States under Federal Rule of Civil Procedure 4(i). ECF No. 27 at 3.

limited evidentiary hearing to resolve disputed jurisdictional facts . . . . [A] court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (citations omitted). The Court construes the present motion to dismiss as a factual attack on this Court's subject matter jurisdiction.

The party asserting jurisdiction has the burden of establishing that such jurisdiction is present. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Accordingly, Plaintiff in this case bears the burden of establishing that this Court has the jurisdiction to hear his claims.

## II.   *Pro Se* Litigants

Plaintiff is proceeding *pro se* in this matter, and this Court liberally construes the filings of *pro se* litigants, holding them to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 940, n. 10 (10th Cir. 2021). In evaluating the sufficiency of Plaintiff's *Complaint*, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* at 1110. "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite a lack of proper legal citation or theories." *Id.* Even so, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### DISCUSSION

In its motion to dismiss, the United States argues Plaintiff has failed to exhaust his administrative remedies and failed to state a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). ECF No. 27 at 2. Plaintiff does not address either of these argument in his response. *See* ECF No. 38. Rather, he argues this Court should deny the United States' motion until he is afforded the opportunity to challenge Ms. Kochanowski's scope of employment (*see* ECF No. 18-1)—a challenge this Court has already addressed twice. *Id.* at 2; *see also* ECF No. 24; ECF No. 34. For the reasons stated below, the Court finds that the *United States of America's Motion to Dismiss* (ECF No. 26) should be granted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and that Plaintiff's claims be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th. Cir. 2006) (holding that dismissal for lack of jurisdiction must be without prejudice).

### I.     This Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

The resolution of the United States of America's motion to dismiss hinges upon whether the claims brought by Plaintiff may be properly construed as FTCA claims. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis"). In enacting the FTCA, the United States waived, with certain exceptions, its sovereign immunity for common law torts committed by its agents within the scope of their employment. *See* 28 U.S.C. § 2674; *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) ("The [FTCA] is a limited waiver of sovereign immunity' that only applies to

federal employees." (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)). Section

2675(a) provides:

> An action shall not be instituted upon a claim against the United States for
> money damages for injury or loss of property or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment,
> unless the claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied by the agency in
> writing and sent by certified or registered mail. The failure of an agency to
> make final disposition of a claim within six months after it is filed shall, at
> the option of the claimant any time thereafter, be deemed a final denial of the
> claim for purposes of this section.

28 U.S.C. § 1346(b)(1); *Barnes v. United States*, 137 F. App'x 184, 187 (10th Cir. 2005)

("The FTCA waives the federal government's sovereign immunity for suits for money

damages arising out of the negligence of government agents.").

Plaintiff brings state law tort claims for damages based on the alleged negligence of

Ms. Kochanowski, a federal employee who denied his application for a CUA while

working for the NPS at Devils Tower. ECF No. 1 at 5–7. Plaintiff's allegations against Ms.

Kochanowski arise from actions she took as a NPS employee. ECF No. 1 at 5, ¶ 48; ECF

No. 18-1. The Westfall Act precludes state law tort claims against federal employees from

acts taken in the course of their official duties. *Hockenberry v. United States*, 42 F.4th

1164, 1170 (10th Cir. 2022). Accordingly, the Court substituted the United States as a

defendant in this action and determined that the case shall be deemed as a matter brought

against the United States under the FTCA. ECF No. 24 at 2. The FTCA is the exclusive

remedy for claims brought a "negligent or wrongful act or omission" of any Government

employee acting within the scope of her employment. 28 U.S.C. § 2679(b)(1). Therefore,

Plaintiff's claims against the United States, a substitute party for Ms. Kochanowski, are properly construed under the FTCA. *See* 28 U.S.C. § 2679(b)(1); *see also Hockenberry*, 42 F.4th at 1170.

Before commencing a lawsuit against the United States in federal court, the FTCA requires claimants to exhaust administrative remedies. 28 U.S.C. § 2675(a); *see also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) ("[A]s a prerequisite to suit under the [FTCA], 28 U.S.C. [§] 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency."). This requirement applies to all litigants, including *pro se* litigants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). To satisfy the exhaustion requirement, the claimant must file an administrative claim including "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992); *see also Gabriel v. United States*, 683 Fed. App'x 671, 672 (10th Cir. 2017) (quoting 28 C.F.R. § 14.2(a)). The FTCA's exhaustion requirement is intended to provide notice to the agency so that it can investigate the claim. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852–53 (10th Cir. 2005). If the court finds that plaintiff failed to administratively exhaust a claim, it must dismiss the claim without prejudice for lack of jurisdiction. *Gabriel v. United States*, 683 F. App'x 671, 673–74 (10th Cir. 2017).

Defendant's *Motion to Dismiss* includes a sworn declaration from Rebecca Pock, a paralegal with the Torts Practice Branch of the Solicitor, United States Department of the Interior. ECF No. 27-1. Ms. Pock conducted a search of Department of Interior records and

the records show "no administrative claims under the Federal Tort Claims Act filed by or on behalf of the Plaintiff in this action, Andy Petefish." *Id.* Plaintiff states he opposes the United States' *Motion to Dismiss* but does little to refute any of the factual assertions or legal arguments presented. *See* ECF No. 38. Even so, Plaintiff has not provided proof or evidence that he filed a formal tort claim, pursuant to regulation. The administrative exhaustion requirements under the FTCA are jurisdictional, cannot be waived, and must be strictly construed. *See Estate of Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). Therefore, given the uncontroverted statement about the absence of an administrative claim, the Court finds Plaintiff has failed to exhaust his administrative remedies under the FTCA and failed to shoulder his burden to show that the Court has subject matter jurisdiction over his claims.

## II. Plaintiff fails to provide a basis for his renewed scope of employment challenge.

In lieu of a meaningful response to the United States of America's legal argument, Plaintiff again raises a request that the Court allow him an "opportunity" to renew his challenge regarding Ms. Kochanowski's scope of employment and substitution in this action, and further that the Court reconsider its prior rulings on the issue. ECF No. 38 at 1. He states he is "beyond confused as to when his opportunity to Challenge Ms. Kochanowski's Scope of Employment Declaration by Mr. Myers (ECF no. 18-1) was or is?" *Id.* Citing to *Hockenberry v. United Sates*, 42 F.4th 1164 (10th Cir. 2022), Plaintiff states he is "confident" that the ample facts within his possession will show Ms. Kochanowski was "indeed acting on her own and not in the interest of her employer when terminating his life long accident free employment as a Mountain Guide at Devils Tower .

9

. . ." *Id.* Plaintiff also "believes he should be allowed" to "address the 'Federal Question' presented by him in ECF No. 20." *Id.* The Court will summarize the opportunity Plaintiff had to challenge the declaration of Ms. Kochanowski's scope of employment—an opportunity that has come and passed—to alleviate any confusion on this matter.

Plaintiff named Ms. Kochanowski as a Defendant in her individual capacity alleging that "on July 25, 2019 [Ms. Kochanowski] directly stopped Plaintiff's life long employment as a Mountaineering/Climbing Guide at Devils Tower by refusing to accept Plaintiff's AMGA Level II Rock Guide Certification as valid[.]" ECF No. 1 at 5, ¶ 48. The United States provided the sworn declaration of C. Clinton Myers, Attorney-Advisor for the Office of the Solicitor, United States Department of the Interior. ECF No. 18-1. Mr. Myers stated that Ms. Kochanowski was the Superintendent of Devils Tower and pursuant to her authority she was acting within the scope of employment at the time of the alleged incident from which Plaintiff's claims arise. *Id.* at 1, ¶¶ 4–5. Plaintiff failed to contest the scope of Ms. Kochanowski's employment. *See* ECF No. 20. Accordingly, this Court was required to substitute the United States as a Defendant in this action. ECF No. 24.

Plaintiff filed a motion requesting leave to file a motion challenging the certification of scope-of-employment and for reconsideration[3] of the Court's order granting the substitution of parties. ECF No. 32. The Court denied this request for two reasons. First, the Court determined Mr. Petefish already had an opportunity to respond to the motion to substitute party, and he took this opportunity. ECF No. 34; *see also* ECF No. 18; ECF No.

[3] The Court construed Plaintiff's request as a Motion for Reconsideration regarding Judge Rankin's Order issued on March 13, 2024. *See Sheridan v. United States*, 214 F. App'x 857, 859 (10th Cir. 2007) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

20. Plaintiff did not attempt to refute or challenge Ms. Kochanowski's employment in his response, and instead presented new legal theories for his claims against Ms. Kochanowski. *See* ECF No. 20. Second, the Court found Plaintiff has failed to set forth any basis for challenging the scope of employment declaration. ECF No. 34 at 2. Specifically, the Court stated, "Plaintiff failed to raise the issue at the appropriate time and offers no explanation why this could not have been raised in response to the United States' motion at ECF No. 18." *Id.*

Plaintiff has again failed to provide a basis, factual or legal, for this Court's reconsideration of its prior orders. The liberal construction federal courts afford litigants proceeding *pro se* does not relieve a *pro se* litigant from his obligations of complying with filing requirements. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (finding a plaintiff's status as *pro se* "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"); *see also Mann v. Boatright*, 477 F.3d 1140, 1145–49 (10th Cir. 2007) (affirming the dismissal of a *pro se* attorney's complaint on the basis she failed to satisfy the Federal Rule of Civil Procedure Rule 8 pleading standards). Plaintiff has not provided new facts or legal arguments, other than that which was previously available to him when he filed his response, to support a reconsideration of this Court's decision to substitute the United States as a Defendant or to support a reconsideration of this Court order denying a prior request for reconsideration. *See* ECF No. 38.

## CONCLUSION

Based on the foregoing, the Court finds that the *United States of America's Motion to Dismiss* (ECF No. 26) should be granted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and that Plaintiff's claims be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th. Cir. 2006) (holding that dismissal for lack of jurisdiction must be without prejudice).

Accordingly, **IT IS HEREBY ORDERED**, the *United States of America's Motion to Dismiss* (ECF No. 26), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is **GRANTED**. The United States of America is **HEREBY DISMISSED WITHOUT PREJUDICE**.

Dated this _5_ᵗʰ day of July, 2024.

Alan B. Johnson
United States District Judge